WM. OSBORN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—47.]

**Cause of Death in Homicide.**

Where a wound is calculated to cause death and a surgical operation is performed at the instance of competent physicians, when in their opinion it becomes necessary, and the patient dies, the party inflicting the wound is liable criminally for the act although the operation may have been the immediate cause of death.

**Necessity of Instruction as to Self-Defense.**

In a murder case where there is some evidence indicating that life was taken in self-defense, it is reversible error for the court to refuse to give an instruction as to the law of self-defense.

## APPEAL FROM MENIFEE CIRCUIT COURT.

June 7, 1884.

OPINION BY JUDGE PRYOR:

We find nothing in the record showing that the substantial rights of the accused were prejudiced on account of any errors complained of except the instructions. The fact that Osborn did the shooting and with Thomas' pistol is clearly established and in fact scarcely controverted by the defendant, therefore the statement made by Thomas that he was shot by Osborn with his (Thomas') pistol could not have prejudiced him. The dying declaration made by the deceased that there was nothing between them was excluded from the jury, and the statement that the deceased was shot by Osborn was alone permitted to be considered. That statement, if incompetent as a dying declaration (and we think it was not) did not affect the determination of the issue, as the fact that Osborn did the shooting was clearly shown.

The attending physicians who saw Thomas when he was first shot state that the operation became necessary, and that in their opinion the shooting caused his death, and there was no chance for his living without some relief from the suffering by a surgical operation. These physicians had but little hope of recovery. The wound was a dangerous one and rendered the operation necessary, and that it caused the death of Thomas is well shown. Where a wound is calculated to cause death and a surgical operation is performed at the instance of competent physicians, when in their opinion it becomes necessary, and the patient dies, the party inflicting the wound is responsible criminally for the act, although the operation may have been the immediate cause of the man's death, *Commonwealth v. John McPike,* 3 Cush. (Mass.) 181, 1 Russell on Crimes 700. The deceased was shot through the body and the wound considered in the first place fatal. An operation

became necessary by reason of this wound, and in performing it, or shortly after, the man died from the wound or the effect of the operation; the party shooting the deceased is guilty and criminally responsible.

The scope and substance of what Day testified to was not prejudicial. He did not see the shooting and only identified the pistol. That Osborn shot Thomas is certain, and as he is convicted only of manslaughter it is immaterial whether with his own pistol or that of Thomas.

The instructions do not contain the whole law of the case. There is no instruction given on the subject of self-defense or apparent necessity for the killing, to which the appellant was entitled under the proof. It may be that instruction No. 1 asked by the defendant was given to the jury, but the record shows that it was overruled and exceptions taken to it. Instruction No. 2 was then asked and refused. Instruction No. 1, purporting to have been asked by the accused, contains the law of the case and should have been given. With the two instructions out of the case there is no instruction embodying the law of self-defense, and for that reason the judgment of conviction must be *reversed* with directions to award a new trial.

*Thos. Turner & Sons, A. T. Wood, for appellant.*

*P. W. Hardin, for appellee.*